IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Civil Action No. 13-2062-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CABLE COMMUNICATIONS, LLC,<br><br>Defendant. | Civil Action No. 13-2063-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COX COMMUNICATIONS, INC.,<br><br>Defendant. | Civil Action No. 13-2064-RGA |

| | |
|---|---|
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>TIME WARNER CABLE, INC,<br><br>    Defendant. | Civil Action No. 13-2068-RGA |
| DRAGON INTELLECTUAL PROPERTY, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>VERIZON COMMUNICATIONS, INC.,<br><br>    Defendant. | Civil Action No. 13-2069-RGA |

**ORDER**

I issued two orders on September 27, 2018. (D.I. 212, 213).[1] The first order (D.I. 212) granted Plaintiff's request for vacatur of my previous judgment and denied its request for dismissal as moot. The second order (D.I. 213) denied Defendants Charter Communications, Inc.'s, Comcast Cable Communications, LLC's, Cox Communications Inc.'s, Time Warner Cable Inc.'s, and Verizon Communication Inc.'s ("Cable Defendants") Motions for Attorneys' Fees and Costs to the extent that they relied on 35 U.S.C. § 285. (C.A. 13-2062, D.I. 203; C.A. 13-2063, D.I. 202; C.A. 13-2064, D.I. 195; C.A. 13-2068, D.I. 205; C.A. 13-2069, D.I. 195). At that time, none of the Cable Defendants had submitted briefing in support of their motions,

---

[1] Unless otherwise noted, citations to the docket are to C.A. 13-2062.

2

which also cited 28 U.S.C. § 1927 as a basis for awarding fees. Per my Case Management Order, Defendants had until "two weeks after the decision on the motion to vacate the judgments" to submit opening briefs in support of their attorneys' fees motions. (D.I. 201). Although two weeks after my decision on the motion to vacate was October 11, 2018, none of the Cable Defendants have submitted briefing in support of their motions. Mere submission of a motion for attorneys' fees pursuant to 28 U.S.C. § 1927, without supportive briefing, amounts to a waiver of that issue. *See Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court.") (internal citations and quotations omitted); *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). Thus, Cable Defendants' motions for attorneys' fees pursuant to 28 U.S.C. § 1927 (C.A. 13-2062, D.I. 203; C.A. 13-2063, D.I. 202; C.A. 13-2064, D.I. 195; C.A. 13-2068, D.I. 205; C.A. 13-2069, D.I. 195) are **DENIED**.

IT IS SO ORDERED this 7 day of November 2018.

/s/ Richard G. Andrews
United States District Judge

3